UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No. 08 MJ 0045 |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| **Randell Lane JOURNEY,** | Title 8 U.S.C., Sec. 1324 (a) (1) (A) (ii) Transportation of Illegal Aliens |
| Defendant(s) | |

The undersigned complainant, being duly sworn, states:

On or about **January 5, 2008**, within the Southern District of California, defendant **Randell Lane JOURNEY** with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Astghik NAVOYAN**, and **Siranush BELLUYAN** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 7th DAY OF **JANUARY 2008**

_____
Louisa S. Porter
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Randell Lane JOURNEY

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

Furthermore, the complainant states that **Astghik NAVOYAN, and Siranush BELLUYAN** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On January 5, 2008, Border Patrol Agent D. Adame was performing assigned patrol duties in the area of Jacumba, California. The town of Jacumba is approximately twenty-five miles east of the Tecate, California Port of Entry and is adjacent to the United States/Mexico International Boundary.

At approximately 8:30 A.M., Agent Adame received a citizen's report via agency radio regarding a vehicle picking up possible illegal aliens near an area referred as "The Willows". The Willows is an area on the west side of Jacumba, where Old Highway 80 is as close as fifty yards from the United States/Mexico International Boundary. Alien smugglers commonly use the Willows to pick up illegal aliens due to the fact that its proximity to the fence greatly minimizes the time illegal aliens have to travel on foot, risking apprehension. The citizen's report further described the vehicle as a white van, last seen traveling eastbound on Old Highway 80 through Jacumba.

Agent Adame observed a white Dodge Grand Caravan traveling eastbound on Old Highway 80 in Jacumba. The white van then turned northbound on Carrizo Gorge Road. This road provides the fastest connection to Intestate 8 (I-8) from Jacumba. Agent Adame continued to observe and follow the van. He then ran record checks on the van, which revealed the van being registered to a car leasing company. The van continued its travel north on Carrizo Gorge and then merged onto the eastbound lanes of I-8.

Agent Adame drove his marked service vehicle alongside of the van in order to observe its occupants. He was able to observe a male driver and a female passenger in the front seats. The driver of the van, later identified as the defendant Randell Lane JOURNEY, looked straight ahead with both hands rigidly gripping the steering wheel. Agent Adame continued to parallel the van for approximately a mile and a half, during which the defendant maintained his rigid posture avoiding all eye contact with Agent Adame.

Agent Adame positioned himself so he could observe the passenger's side. As the van passed Agent Adame, he was able to observe the female passenger stare straight ahead, in an unusually rigid posture, avoiding eye contact. Agent Adame noticed that his presence was making both occupants of the van nervous. Agent Adame performed a vehicle stop in an effort to conduct an immigration inspection of the occupants of the van.

Agent Adame approached the van and identified himself as a Border Patrol Agent and questioned the defendant as to his citizenship. The defendant stated that he is a United States Citizen. Agent Adame then questioned the front seat passenger, later identified as Astghik NAVOYAN, as to her citizenship. NAVOYAN did not seem to understand the question regarding her citizenship and did not reply. The defendant, addressing NAVOYAN, asked "Where were you born, honey?" NAVOYAN, still maintaining a rigid posture and avoiding eye contact, softly replied "Los Angeles". Agent Adame detected a foreign accent and perceived nervousness in the response.

**CONTINUATION OF COMPLAINT:**
Randell Lane JOURNEY

Agent Adame observed through the windows, that there was a third occupant in the back, later identified as Siranush BELLUYAN, ducking down out of the view of passing vehicles. Agent Adame observed next to BELLUYAN, what he immediately and unmistakably recognized as "booties". Booties is a term used by agents to describe pieces of cloth worn by illegal aliens to cover their shoes in order to minimize footprint patterns which can easily be detected and lead to apprehension. Agent Adame noticed that the booties were muddy. Agent Adame was aware that it had rained during the night and that the border area was muddy.

Agent Adame questioned BELLUYAN as to her citizenship. BELLUYAN responded in broken English and Spanish to being a citizen and national of Armenia, not in possession of any immigration documents that would allow her to legally enter or remain in the United States legally. Agent Adame was able to learn from BELLUYAN, who translated for NAVOYAN, that NAVOYAN was also a citizen of Armenia who had just entered the United States illegally. Neither BELLUYAN nor NAVOYAN were able to produce any immigration or nationality documents.

The three occupants of the van were arrested and transported to the Boulevard Border Patrol Station for processing.

**DEFENDANT STATEMENT:**

Defendant Randell Lane JOURNEY was advised of his Miranda Rights. He stated he understood and was willing to answer questions without having an attorney present. At this time an emergency call to all units was broadcast over agency radio. All of the agents of the Boulevard Station responded to the call, thus postponing the defendant's interview.

After several hours agents proceeded with the interview, the defendant was asked if he would like to be advised of his Miranda Rights again, to which he replied affirmatively. After being read his rights, the defendant once again stated that he understood his rights and was willing to speak with the interviewing agents without the presence of a lawyer.

Approximately five days ago, the defendant had encountered a person he has known since 1984. The defendant told his friend that he was going through hard times and was in need of money. The friend told the defendant that he would call him and let him know if any money making opportunities became available. On January 5, 2008, at approximately 4:00 A.M., the friend contacted the defendant. The friend asked if the defendant was willing to pick up two women from Berlin, in the town of Jacumba, California, and transport them to El Centro, California. The defendant was to be paid a total of $400.00 for both women upon delivery.

The defendant freely admitted that his whole purpose to traveling to Jacumba from El Centro was to further the illegal entry of two smuggled aliens for profit.

CONTINUATION OF COMPLAINT:
Randell Lane JOURNEY

## MATERIAL WITNESSES STATEMENTS:

Astghik NAVOYAN was born in Armenia and is a citizen of Armenia and has no immigration documents that would allow her to be or remain in the United States legally. She made smuggling arrangements to be smuggled into the United States with a friend of hers named "Ferge" in Armenia. She stated that after crossing the border, they boarded a white van. NAVOYAN stated that her final destination was Los Angeles, California. NAVOYAN was presented a picture of the defendant and positively identified the defendant as the driver of the white van that picked them up after crossing the border into the United States.

Siranush BELLUYAN is a native and citizen of Armenia and does not have any immigration documents that would allow her to be or remain in the United States legally. She stated that she did not pay any money to be brought into the United States. BELLUYAN states that her destination was Los Angeles, California. She was shown a photograph of the defendant. She stated that the man in the picture was the same man that picked them up in a white van after crossing the border into the United States.

Executed on January 6, 2008, at 10:00 a.m.

Terri L. Dimolios
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on January 5, 2008, in violation of Title 8, United States Code, Section 1324.

Louisa S. Porter
United States Magistrate Judge

1/6/08    11:15 AM
Date/Time

4